FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FENG-YUNG WANG,<br><br>Defendant. | No. 2:22-PO-0032-JAG-1<br><br>ORDER ACCEPTING GUILTY PLEA AND ORDER REGARDING PRELIMINARY AND DETENTION HEARINGS<br><br>MOTION GRANTED<br>   (**ECF No. 6**)<br><br>MOTION DENIED<br>   (**ECF No. 14**)<br><br>MOTION DENIED<br>   (**ECF No. 20**) |

**THIS MATTER** came before the Court on June 8, 2022, and June 9, 2022, for a preliminary hearing and a detention hearing and on June 15, 2022, for a status hearing. Defendant FENG-YUNG WANG appeared, in custody, with her attorney, Sandy D. Baggett and certified Mandarin interpreter Barbara Robinson. The United States was represented by United States Attorney Dominique Juliet Park and legal intern Cassandra Hughes.

## I.    PRELIMINARY HEARING AND MOTION TO DISMISS

### A.    Motion to Dismiss.

The United States presented testimony during the preliminary hearing. Border Patrol Agent Seth Justesen testified and was cross-examined on June 8,

ORDER - 1

2022, and Border Patrol Agent Colin Padilla testified and was cross-examined on June 9, 2022.  At the close of Agent Justesen's testimony, Defendant orally moved to dismiss the complaint based on *United States v. Gonzalez-Torres*, 309 F.3d 594, 598-599 (9th Cir. 2002), contending Defendant was under official restraint when she entered the United States because she was effectively under constant surveillance from the time she crossed the border from Canada until the time she was apprehended by authorities in the United States.  ECF No. 14.  In *Gonzalez-Torres*, the Ninth Circuit held a defendant under constant surveillance after crossing the border until the time he was apprehended was under official restraint and therefore had not entered the United States for the purposes of 8 U.S.C. § 1325.  309 F.3d at 598.

The Government argued there were sufficiently lengthy breaks in the surveillance such that Defendant was not under official restraint.  Agent Padilla then testified on June 9, 2022, offering additional details about the surveillance of Defendant, specifically that he was able to observe Defendant and her two companions by using a remotely controlled video camera, but that at a certain point, for approximately five to ten minutes, Defendant and her companions were out of sight in a stand of trees.

Based on the information provided during the hearing, the Court **DENIES** Defendant's oral motion to dismiss the case, **ECF No. 14** for the reasons stated during the hearing and in this Order.  Specifically, the Court finds the United States established that after Defendant was first observed on the Canadian side of the border, Defendant was not under constant surveillance and therefore Defendant was not under official restraint.  *See United States v. Vela-Robles*, 397 F.3d 786, 789 (9th Cir. 2005) (defendant who entered a canyon in Mexico with one exit point into the United States not under official restraint because he was not under constant surveillance even though authorities knew he was in the canyon and knew where

ORDER - 2

he would exit the canyon); *United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218-1219 (9th Cir. 2001) (defendant not under official restraint when not under constant surveillance even though authorities were following defendant in thick brush and defendant had no means of escape); *United States v. Martin-Plascencia*, 532 F.2d 1316, 1317-1318 (9th Cir. 1976) (defendant apprehended 50 yards from border was not under official restraint because defendant was not under constant surveillance).

The Court finds the Ninth Circuit's analysis in *Vela-Robles* and *Hernandez-Herrera* particularly persuasive. In *Vela-Robles*, the defendant triggered a seismic sensor in a canyon when he crossed from Mexico into the United States. 397 F.3d at 787. The canyon had only one practical exit into the United States and defendant contended that he was under official restraint once he triggered the sensor because authorities knew where he was at all times even if he was not under constant surveillance. *Id*. at 789. The Ninth Circuit held that the defendant was "not subject to official restraint before his arrest because he was not in the constant visual or physical grasp of governmental authorities after he crossed the border." *Id*.

In *Hernandez-Herra*, a "still watch" Border Patrol agent observed a group of people cross from Mexico into the United States. *Id*. at 1216. The still watch agent notified other field agents who intercepted the group. *Id*. Herrera then fled into thick brush and was no longer under surveillance by any agent. *Id*. A field agent then caught up to Herrera when he could no longer travel through the brush. *Id*. The Ninth Circuit found that Herrera "was free from official restraint because he was no longer visible to the 'still watch' agent once he entered the thick brush." *Id*. at 1219. The Ninth Circuit further elaborated that "[p]ersistent tracking, rather than visual surveillance, led to Herrera's apprehension" and ultimately held that

ORDER - 3

"[u]nder these facts, Herrera was not continuously surveilled [and] [c]onsequently . . . he was not under official restraint." *Id*.

Based on the foregoing and the reasons stated during the hearing, the Court finds Defendant here was not under official restraint prior to being apprehended by Border Patrol Agents in the United States.

**B.    Probable Cause.**

On the question of probable cause, the Court has considered the Criminal Complaint, ECF No. 1, the testimony of Agent Justesen and Agent Padilla, the exhibits entered by the parties, and the arguments and proffers of counsel. "In order to convict a defendant of a violation of [8 U.S.C.] § 1325(a)(1), the government must prove beyond a reasonable doubt that the individual was an 'alien who . . . enter[ed] . . . the United States at any time or place other than as designated by immigration officers.'" 8 U.S.C. § 1325(a)(1). *United States v. Aldana et al.*, 878 F.3d 877, 880 (9th Cir. 2017). For the reasons stated during the hearing, the Court finds the United States has established probable cause to believe Defendant committed the charged offense, specifically that she entered the United States at any a time or place other than as designated by immigration officers. ECF No. 1; 8 U.S.C. § 1325(a)(1).

## II.    DETENTION HEARING

The United States seeks Defendant's detention pending trial. **ECF No. 6**. The Court has considered the Complaint, the United States' motion for detention, the testimony of Agent Justesen and Agent Padilla, and the arguments and proffers of counsel. The United States contended Defendant, if released, would present a serious risk of flight.

**A.    Basis for Detention Hearing.**

The United States may only seek pretrial detention of a defendant in cases involving the offense-specific factors set forth in 18 U.S.C. § 3142(f)(1) and/or the

ORDER - 4

factors set forth in 18 U.S.C. § 3142(f)(2). Here, the United States asserts there is a "serious risk" that Defendant will flee pursuant to 18 U.S.C. § 3142(f)(2)(A). The United States has proffered evidence of Defendant's apparent undocumented status in the United States, Defendant's lack of any known ties to the United States and the Eastern District of Washington, and Defendant's apparent early morning and surreptitious attempt to cross the border from Canada. The Court finds that the United States has proffered sufficient evidence that Defendant does present a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A) and the Court may consider Defendant's detention.

**B.    The Bail Reform Act.**

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Absent a statutory presumption of detention, the burden of proof to support a motion for detention rests with the United States, which must establish a defendant's serious risk of flight by a preponderance of the evidence and a defendant's dangerousness to the community by the higher standard of clear and convincing evidence. *Motamedi*, 767 F.2d at 1406–07.

To guide the Court's determination as to whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community, the Court has considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the

ORDER - 5

community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to any person or the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

**C.     Nature And Circumstances of the Charged Offense.**

The nature and circumstances of the charged offense involve Defendant's entry into the United States at a time or place other than as designated by immigration officers. ECF No. 1. While the Bail Reform Act does not abrogate Defendant's presumption of innocence, the evidence introduced during the preliminary hearing established that there is probable cause to believe Defendant crossed a border fence at the border with Canada and entered the United States under the cover of darkness, then made her way along with two companions several hundred yards into the United States where she met another individual at a pre-arranged time and place. While the Court presumes Defendant's innocence, the facts established during the preliminary hearing suggest Defendant went to significant efforts to avoid contact with immigration officials and instead enter the country without submitting to inspection or contact with any immigration or border officials. This factor weighs in favor of Defendant's detention and continues to suggest Defendant poses a serious risk of flight.

**D.     Weight of the Evidence.**

The Court considers the weight of the evidence as the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The evidence introduced during the preliminary hearing appears significant. While the Court continues to presume Defendant innocent of the charges against her and while this factor is the least important consideration, this factor also weighs in favor of Defendant's detention.

ORDER - 6

**E.    Defendant's History and Characteristics.**

Defendant's history and characteristics are largely unknown to the Court because Defendant appears to lack any family, financial, or employment ties to the United States.  Rather, all of Defendant's ties are with a foreign country and Defendant appears to have no stable or suitable living situation in the United States.  On the record before the Court, this factor also weighs in favor of Defendant's detention and continues to suggest Defendant poses a serious risk of flight.

**F.    Nature and Seriousness of the Danger to Any Person or the Community Posed by Defendant's Release.**

The United States has not suggested that Defendant poses a danger to any person or the community.  The Court further believes conditions could be fashioned to reasonably assure the safety of the community.  This factor weighs in favor of Defendant's release on conditions.

**G.    Detention.**

Accordingly, after consideration of the materials submitted by the parties, the evidence and testimony admitted during the preliminary hearing, as well as the proffers and arguments of counsel, the Court finds for the reasons stated in this Order that the United States has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings at the present time.  The Court therefore **GRANTS** the United States' motion for detention, **ECF No. 6**.

### III.    WAIVER OF PRESENCE

Defendant has tendered a waiver pursuant to Fed. R. Crim. P. 43(b)(2) to waive her presence at future proceedings in this matter, including trial.  The Court declines to accept Defendant's waiver.  Defendant is in custody, and for the reasons stated above, there are no conditions or combination of the conditions that

ORDER - 7

will reasonably assure her appearance at future proceedings.  Additionally, this matter is scheduled for trial on an expedited basis and Defendant faces a potential custodial sentence if convicted.  Accordingly, the Court finds that acceptance of Defendant's waiver of her presence would not be in her interest or in the interests of justice and the waiver is **NOT ACCEPTED**.  The Court will continue to require Defendant's presence.

### IV.    STATUS HEARING AND MOTION FOR RECONSIDERATION

On June 15, 2022, the Court held a status hearing.  During the status hearing, the Court considered Defendant's motion for reconsideration, **ECF No. 20**, of the Court's denial of Defendant's prior motion to dismiss.  The Court has reviewed the written briefing, the video exhibits submitted by Defendant, ECF No. 21, and the arguments and proffers of counsel.

Defendant's motion for reconsideration is **DENIED**.  The Court's review of the video evidence demonstrates that Defendant was not under constant surveillance because Defendant and her companions were not visible to Agent Padilla, the operator of a remotely controlled video camera, for approximately five minutes when they entered a wooded area and there is no evidence Defendant and her companions were under surveillance by any other governmental actor.  The Court remains of the opinion that the facts of the instant case are akin to the facts of *Vela-Robles*, 397 F.3d at 789, and *Hernandez-Herrera*, 273 F.3d at 1218-1219. In other words, the Court finds that Defendant and her companions were not under official restraint because they were not under constant visual surveillance from the time they crossed the border into the United States until the time they were apprehended by Border Patrol agents.  Accordingly, for the reason stated herein and during the status hearing, the Court **DENIES** Defendant's motion at **ECF No. 20** for reconsideration of the Court's denial of Defendant's prior motion to dismiss.

ORDER - 8

## V.    CHANGE OF PLEA HEARING

Following the Court's denial of the motion for reconsideration as noted above, Defendant stated a desire to change her plea to guilty to a violation of 8 U.S.C. § 1325(a)(1).  The Court then held a change of plea hearing and accepted Defendant's guilty plea.

Defendant was advised of her rights, the maximum penalties she faced, the elements of the charged offense and the facts the Government would seek to prove at trial.  Following a colloquy with Defendant the Court finds Defendant is competent; her guilty plea is knowing, voluntary and intelligently given; Defendant knows the maximum penalties she faces upon conviction; Defendant knows her rights and rights she will waive if she pleads guilty; and there is a factual basis for the guilty plea sufficient to meet the elements of the offense. The Court accepts the Defendant's guilty plea to Improper Entry by Alien in violation of 8 U.S.C. § 1325(a)(1).

The Court proceeded to sentencing and imposed a time-served sentence.  A separate Judgment will follow.

## VI.    TRIAL SCHEDULE

During the hearings on June 8, 2022, and June 9, 2022, the Court set a trial date of **<u>Wednesday, June 22, 2022 at 8:00 a.m.</u>**, in Spokane, Washington, before the undersigned.  In light of Defendant's guilty plea and sentence the trial date is **STRICKEN**.

## VII.    ORDER

**IT IS ORDERED**:

1.    Defendant's oral motion to dismiss the Complaint, **ECF No. 14**, is **DENIED**.

2.    Defendant's waiver pursuant to Fed. R. Crim. P. 43(b)(2) proposing to waive her presence at future proceedings in this matter, including trial, is **NOT**

ORDER - 9

**ACCEPTED**.

3.    Defendant's motion for reconsideration of the Court's denial of Defendant's motion to dismiss, **ECF No. 20**, is **DENIED**.

4.    The United States' Motion for Detention, **ECF No. 6,** is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

5.    Defendant is committed to the custody of the U.S. Marshal pending further order of the Court.

6.    Defendant shall be afforded reasonable opportunity for private consultation with counsel.

7.    If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

8.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

9.    The trial date of **<u>Wednesday, June 22, 2022 at 8:00 a.m.</u>**, in Spokane, Washington, before the undersigned is **STRICKEN**.

ORDER - 10

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and furnish copies to counsel.

DATED June 16, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 11